IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSA LOYA,                               No   C 10-0490 VRW

    Plaintiff,                       ORDER

    v

AURORA LOAN SERVICES LLC et al,

    Defendants.
_____/

    On or about December 31, 2009, plaintiff commenced an action in Contra Costa superior court entitled <u>Rosa Loya v Aurora Loan Services, LLC et al</u>, C09-3669.  On February 3, 2010, defendant Aurora Loan Services LLC ("Aurora") removed the action to this court on the basis of diversity jurisdiction pursuant to 28 USC sections 1332, 1441 and 1446.  Doc #1.  Defendant Lenders Processing Service ("LPS") did not join Aurora's notice of removal. Id.

    28 USC § 1446 describes the process for removing a case from state to federal court:  "A defendant * * * desiring to remove any civil action * * * from a State court shall file * * * a notice of removal * * * containing a short and plain statement of the

grounds for removal." The Ninth Circuit has interpreted section 1446 to mandate that all defendants join in removal. See, e g, <u>Hewitt v City of Stanton</u>, 798 F2d 1230, 1233 (9th Cir 1986).

There are, however, exceptions to this rule of unanimity. For instance, where a named defendant is nominal, unknown or fraudulently joined, it need not join in its co-defendant's removal. Id; <u>Emrich v Touche Ross & Co</u>, 846 F2d 1190, 1193 n 1 (9th Cir 1988) (collecting cases). Likewise, where plaintiff fails to serve a named defendant, that defendant need not join in its co-defendant's notice of removal. <u>Salveson v Western States Bankcard Ass'n</u>, 731 F2d 1423, 1429 (9th Cir 1984) superceded on other grounds by <u>Ethridge v Harbor House Rest</u>, 861 F2d 1389 (9th Cir 1988). Thus, where a defendant seeks to file, under cover of a rule of unanimity exception, a notice of removal in which all named defendants have not joined, it must explain affirmatively the absence of non-joining defendants. <u>Prize Frize, Inc v Matrix Inc</u>, 167 F3d 1261, 1266 (9th Cir 1999) superseded by statute on other grounds as stated in <u>Abrego Abrego v Dow Chem Co</u>, 443 F3d 676, 681 (9th Cir 2006); see also <u>Northern Illinois Gas Co v Airco Industrial Gases</u>, 676 F2d 270, 273 (7th Cir 1982).

In its notice of removal, Aurora alleges the following:

> Counsel for Aurora has attempted to determine whether LPS has been served and, if so, whether it consents to removal of this action. Specifically, counsel called the general information phone number of LPS, available on its website. We were directed to the voicemail of Kimberly Reader, where we left a message describing the lawsuit and requesting that someone from LPS inform us whether it had been served and consented to removal of the action. We also asked whether LPS had obtained counsel. LPS has not appeared in the State Court Action. On February 2, 2010, Ms Reader called back and stated that she would speak to the senior litigation counsel in her office to find out if LPS had received the lawsuit.

Doc #1 at 4.

  While Aurora's notice of removal explains its initial efforts to determine whether an exception to the rule of unanimity exists in this case, it fails to allege that one of these exceptions actually applies. In other words, Aurora has not alleged that LPS has not been served, consents to removal or was fraudulently joined in this action. Relaying as part of its notice of removal Aurora's failed efforts to secure joinder or to conclude that an exception to the rule of unanimity applies does not explain affirmatively the absence of non-joining defendants. Without a clear allegation that LPS joins in removal or that an exception to the rule of unanimity applies, Aurora's notice of removal is defective.

  Furthermore, this defect in the removal notice was not cured within the thirty-day statutory period permitted for joinder. See <u>Cantrell v Great Republic Ins Co</u>, 873 F2d 1249, 1253 (9th Cir 1989). Accordingly, because the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper. The court therefore REMANDS the above-captioned action to Contra Costa superior court.

  IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3